## Bilger v. Pennsylvania Railroad Company.

*Negligence — Railroads — Fires from sparks — Pleading — Statement of claim—Practice, C. P.*

1. In an action against a railroad company to recover damages from fire carried by sparks from an engine, the statement of claim need not aver the number of the engine which emitted the sparks.

2. In such case, the statement need not aver the value of each particular item alleged to have been destroyed, if it shows substantially the injuries done and the damage sustained.

Trespass. Affidavit of defence raising questions of law. C. P. Union Co., May T., 1924, No. 3.

*A. W. Johnson,* for plaintiff; *Andrew A. Leiser,* for defendant.

POTTER, P. J., Jan. 12, 1925.—The defendant makes complaint of the plaintiff's statement of claim in three respects, which we shall consider numerically and in their order.

(1) "Said statement is defective in that it does not identify the engine or locomotive that it alleges caused the fire complained of by number, direction or otherwise."

The plaintiff in his statement of claim need not state the number of the engine which he avers caused damage to him. This is clearly decided in the case of Henderson *v.* Railroad Co., 114 Pa. 461. It may be impossible for him to secure the number of the engine by reason of its passing by his property in the night-time, or by reason of the fact that no person was near enough to see the number when passing. The statement plainly avers that on April 10, 1923, between the hours of 10 and 11 o'clock A. M., the defendant's engine emitted large cinders, hot ashes and hot coals, thus causing the fire about which he complains. The defendant knows, or should know, which of its engines passed along its road on that day and at that hour, and this should invest them with full knowledge as to the particular engine in question as well as to which direction it was traveling.

(2) "Said statement is defective in that it claims damages in a lumped sum, and does not set forth a detailed statement of the items of alleged damage as required by law."

The plaintiff alleges his damage to have been $2000, and he then itemizes this sum by stating damage to timber standing and lying $1200, standing young growth $500, and leaves and mulch on soil $300. He also specifies the varieties of timber destroyed. We think the items of damage is sufficiently itemized. He need not aver the value of each particular item alleged to have been destroyed: Ellsworth *v.* O'Keefe, 26 Dist. R. 277; Gunning *v.* Scranton Ry. Co., 26 Dist. R. 954. We might add that the opinion in the latter case was written by Judge Edwards, of Scranton, for whose legal knowledge and integrity we have a wholesome regard.

(3) "Said statement is in other respects uncertain, informal and insufficient in law."

This specification is too general, points out nothing, refers to nothing specific and cannot with intelligence be discussed.

And now, to wit, Jan. 12, 1925, the specifications relative to the insufficiency of the plaintiff's statement are dismissed. Fifteen days from this date are allowed for the filing of an affidavit of defence if the defendant so desires, in default of which the case is ordered on the trial list.

From Charles P. Ulrich, Selinsgrove, Pa.